IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MARK ANTHONY DRIVER,**

                Petitioner,

     v.                                  CASE NO. 12-3166-RDR

**LISA J.W. HOLLINGSOWRTH,**

                Respondent.


**O R D E R**

This matter comes before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, submitted pro se by a prisoner confined in the United States Penitentiary in Leavenworth, Kansas.

Petitioner cites his conviction on 2006 drug charges in the United States District Court for the Northern District of Texas, and seeks re-computation of his sentence under the more favorable 18:1 crack cocaine ratio the United States Sentencing Commission has made retroactive to the Sentencing Guidelines.  Petitioner contends § 2241 is the sole remedy for obtaining this relief, and claims judicial intervention is necessary because pursuit of administrative remedies within the Bureau of Prisons would be futile.

Section 2241 grants district courts jurisdiction to entertain petitions for habeas corpus relief by persons who are in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); *see Maleng v. Cook*, 490 U.S. 488, 490 (1989). Generally, however, "[a] petition under 28 U.S.C. § 2241 attacks the

execution of a sentence rather than its validity." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.2000). And the petitioner's full exhaustion of administrative remedies is required. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir.2010).

In the present case, the court finds it unnecessary to address whether petitioner's exhaustion of administrative remedies would be futile, as it plainly appears petitioner is seeking modification of the sentence imposed rather than challenging the execution of that sentence. Accordingly, this court lacks jurisdiction to consider the petition absent a showing that the relief provided under § 2255 is inadequate or ineffective. Petitioner makes no such showing, and none can be discerned from the face of the petition. Also, the Supreme Court has stated that "[w]hen the Commission makes a Guidelines amendment retroactive, Courts have addressed comparable sentencing claims arising in a motion filed in the criminal case for a reduction of sentence pursuant to 18 U.S.C.§ 3582(c). *See e.g. Dillon v. U.S.*, 130 S.C. 2683 (2010).

The court thus concludes the petition should be dismissed without prejudice to petitioner pursuing any relief available before the sentencing court.

IT IS THEREFORE ORDERED that petitioner is granted provisional leave to proceed in forma pauperis for the limited purpose of dismissing the petition without prejudice.

DATED: This 22nd day of October 2012, at Topeka, Kansas.

s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge